United States District Court
Southern District of Texas

**ENTERED**

July 20, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELISANDRO MORAN MENDOZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-4249 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Elisandro Moran Mendoza ("Petitioner"), a citizen of El Salvador, entered the United States without inspection on an unknown date.[1] On September 14, 2019, Petitioner was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).[2] On October 29, 2021, an immigration judge ordered Petitioner removed to El Salvador.[3] Petitioner filed a motion to reopen his immigration case, which was denied by an immigration judge.[4] On March 13, 2026, an immigration officer issued a warrant of removal/deportation.[5] That same day Petitioner

---

[1]Motion to Dismiss as Moot, Docket Entry No. 5, p. 3. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Addendum to Record of Deportable/Excludable Alien, Exhibit 1 to Motion to Dismiss as Moot, Docket Entry No. 5-1, p. 4.

[3]Motion to Dismiss as Moot, Docket Entry No. 5, p. 3.

[4]Addendum to Record of Deportable/Excludable Alien, Exhibit 1 to Motion to Dismiss as Moot, Docket Entry No. 5-1, p. 4.

[5]Motion to Dismiss as Moot, Docket Entry No. 5, p. 3.

was apprehended and was taken into Immigration and Customs Enforcement custody.[6] On May 29, 2026 Petitioner was removed from the United States to El Salvador.[7]

Pending before the court is Petitioner's Verified Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief for an Order to Show Cause ("Habeas Petition") (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and due process.[8] Petitioner also argues that his warrantless arrest violated the Fourth and Fifth Amendments.[9] Also pending before the court is Respondents' Motion to Dismiss as Moot (Docket Entry No. 5). Respondents argue that Petitioner's Habeas Petition should be dismissed as moot because he has been deported.[10] Petitioner has filed a reply.[11]

"A court lacks subject matter jurisdiction over a moot controversy, which exists when a matter 'no longer present[s] a case or controversy under Article III, § 2, of the Constitution." Rocha v. Mayorkas, 579 F.Supp.3d 923, 929 (S.D. Tex. 2022) (quoting

---

[6]Id.

[7]Id. at 4.

[8]Habeas Petition, Docket Entry No. 1, pp. 10-11 ¶¶ 26-38.

[9]Id. at 8-9 ¶¶ 20-25.

[10]Motion to Dismiss as Moot, Docket Entry No. 5, p. 1.

[11]Petitioner's Response in Opposition to Respondents' Motion to Dismiss, Docket Entry No. 6.

Spencer v. Kemna, 118 S. Ct. 978, 983 (1998)). "Generally, release from custody renders a habeas petition moot." Id. (citing Lane v. Williams, 102 S. Ct. 1322, 1327 (1982)). Because Petitioner is no longer detained and has been removed from the United States to El Salvador, his Habeas Petition is moot.

For the reasons explained above, Respondents' Motion to Dismiss as Moot (Docket Entry No. 5) is **GRANTED,** and Petitioner's Verified Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief for an Order to Show Cause (Docket Entry No. 1) is **DENIED AS MOOT.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 20th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-3-